Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KAYLENE WHITE, an Individual,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>COLUMBIA SPORTSWEAR COMPANY, a corporation,<br><br>　　　　　　　　Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)**<br><br>Prayer: $465,456.00<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL REQUESTED |

COMES NOW, Plaintiff Kaylene White, through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

### INTRODUCTION

This case goes to the heart of an individual's fundamental right to free religious expression and thought. This case also grapples with the controversies surrounding management of the COVID-19 pandemic and vaccine mandates. In the end, this case is about the Plaintiff and the unlawful religious discrimination she suffered at the hands of her employer, Columbia Sportswear

Company (Columbia).

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiff, Kaylene, now lives in Boise County, Idaho. Defendants are corporations with more than 500 employees that do regular, sustained business activity in the State of Oregon. Plaintiff exhausted her administrative remedies through the U.S. Equal Employment Opportunity Commission and received a right-to-sue letter on or about November 10, 2023.

2.

At all times material to this Complaint, Plaintiff was a resident of Washington County, Oregon.

3.

At all times material to this Complaint, Defendant Columbia was regularly conducting business in the State of Oregon.

4.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

5.

Plaintiff was employed by Columbia for approximately seven years as an Executive Assistant. Plaintiff consistently received excellent reviews which were rewarded with salary increases and bonuses every year.

6.

Plaintiff is a devoutly religious individual who adheres to principles of a Christian faith and is dedicated to following the tenets of her faith to the best of her ability. Plaintiff prays to God for guidance. The mandate to receive the shot caused Plaintiff extreme anxiety and fear. According to the Bible, Godly decisions made in line with the fruit of the Holy Spirit are made with love,

joy, peace, goodness, kindness, faithfulness, gentleness, and self-control. As anxiety and fear are not the fruit of the holy spirit, receiving the vaccine is biblically against her faith and conscience. Plaintiff asked God for direction and the Holy Spirit moved her heart and conscience to not accept the COVID-19 vaccine and to place her trust in Him. If she were to go against this guidance, she believes she would be sinning and jeopardizing her relationship with God.

7.

Until the COVID-19 pandemic unfolded, Plaintiff's faith had not caused a conflict with her work requirements.

8.

The COVID-19 pandemic manifested in Oregon in late February of 2020. The pandemic immediately represented a dramatic event in the lives of every Oregon resident. Plaintiff had worked full-time in the office up until the pandemic, but after March 2020, she and her team worked remotely from home. Plaintiff's supervisor continued to work primarily remotely until his retirement in 2023.

9.

Plaintiff was successful working remotely. She worked diligently to help her team during the shuttering of Defendant's retail locations by sourcing PPE and managing the ever-changing state, county and city mandates that applied to the areas where the retail stores were located. Plaintiff created virtual meetings to keep her team engaged and focused that allowed over two hundred participants to participate and maintain comradery. In addition, Plaintiff received a commendation from the president of the company for carrying her team through a transition of leadership.

10.

Plaintiff was involved in several leadership team meetings beginning in August 2021, regarding a vaccine mandate for employees. During one of these meetings a director brought a concern from their team that if they returned to working in the office and still wore a mask would

there be discrimination as they were concerned they would be thought to be unvaccinated? The director clarified that the employees did not want to be treated like some redneck backwoods hillbilly living in Idaho. Plaintiff was attending the meeting from her childhood home in Idaho and became very uneasy about sharing her concerns.

11.

Plaintiff continued working remotely as the vaccine mandate was implemented. Plaintiff was informed that those individuals with religious beliefs or medical conditions in conflict with the vaccine and/or to the taking of the vaccine could apply for religious and medical exceptions. Plaintiff had serious objections to taking the vaccine because of her deeply held Christian beliefs. Plaintiff believed that with Defendant's embrace of Diversity, Equity and Inclusion, her religious beliefs would be received and heard, and that she would be treated fairly and equally.

12.

Plaintiff also had medical concerns about taking the COVID-19 vaccine due to having severe reactions to some drugs/drug ingredients. She was unable to obtain a comprehensive list of the ingredients in the COVID-19 vaccines and felt unsafe taking them.

13.

On or about January 6, 2022, Plaintiff filed the formal paperwork for a religious exception and anticipated it would be granted. However, instead of granting and accommodating Plaintiff's religious beliefs, Defendants denied her request. Plaintiff spoke with her manager and was advised by Human Resources to apply for a medical exception, which was also denied. Plaintiff was terminated on February 2, 2022.

14.

The termination of Plaintiff's pay and benefits had a significantly negative impact on her life. Plaintiff was unemployed for several months before finding an employer that did not discriminate based on her unvaccinated status and religious beliefs. Plaintiff moved back to Idaho to live with her family and has continued to struggle to make ends meet. Before her termination,

Plaintiff was earning approximately $40.14 hourly, for an annual salary of approximately $96,496.00. She now makes $30,000.00 a year less than she did while working with Defendant, although the cost of living is similar. Plaintiff has suffered mental and emotional distress from her treatment by Defendant, including stress and worry.

15.

The Defendant has yet to explain why, in their view, after nearly two years of being able to work without incident during the pandemic, Plaintiff's unvaccinated status suddenly created an unacceptable health and safety risk necessitating her termination. Plaintiff worked remotely from home and could have continued to work remotely as her supervisor did.

16.

The Defendant's adverse employment actions against Plaintiff were not to protect against an unacceptable health and safety risk. Instead, those actions were discriminatory against Plaintiff based on her sincerely held religious beliefs and retaliation for expressing those beliefs. There were reasonable accommodations available to the Defendant with no undue burden on it that it failed to pursue. Instead, it took the most drastic employment action it could against Plaintiff with an unlawful discriminatory intent.

17.

Because of the Defendant's unlawful adverse employment actions against Plaintiff, Plaintiff has suffered economic loss and emotional distress.

18.

**FIRST CLAIM FOR RELIEF**
**(Unlawful Employment Discrimination Based on Religion**
**in Contravention of Or. Rev. Stat. § 659A.030)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

19.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held

religious belief in the tenants of Christianity.

20.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendants' COVID-19 vaccine mandate.

21.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working fully remotely or, if necessary, with masking or face shields, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

22.

Instead of finding reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff being terminated. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

23.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff incurred economic damages of no less than $65,152.00, future economic damages of $90,000.00 and non-economic damages of no less than $310,304.00, or an amount to be determined at trial for emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages and attorney's fees.

24.

**SECOND CLAIM FOR RELIEF**
**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –**
**42 U.S.C. §2000e et seq.)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

25.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity.

26.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendants' COVID-19 vaccine mandate.

27.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendants failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working fully remotely or, if necessary, with masking, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

28.

Instead of finding reasonable accommodation or set of accommodations for her religious beliefs, the Defendants engaged in a series of adverse employment actions culminating in termination. The unlawful discrimination against Plaintiff's religion by Defendants as outlined above was a proximate cause of Plaintiff's wrongful termination.

29.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged in an amount to be determined at trial for economic damages of no less than $65,152.00, future economic damages of $90,000.00 and non-economic damages of no less than $310,304.00 or in an amount to be determined at trial for emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages and attorney's fees.

30.

## THIRD CLAIM FOR RELIEF
### (Unlawful Employment Discrimination Based on Disability in Contravention of OR. Rev. Stat §659A.112)

31.

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

32.

Plaintiff is a member of a protected class on the basis of her medical condition, as she is unable to obtain a COVID-19 vaccine due to possible severe allergic reactions, which may threaten her life.

33.

Defendant failed to make a good faith effort to accommodate Plaintiff's medical exception. It would not have been an undue hardship to have allowed Plaintiff to continue working fully remotely as she had been doing for almost two years. Alternatively, Plaintiff could have been allowed to work with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

34.

Instead of finding reasonable accommodation or a set of accommodations for her medical condition, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

35.

As a result of Defendant's violation of ORS 659A. 112, Plaintiff has been damaged in an amount of no less than $65,152.00, future economic damages of $90,000.00 and non-economic damages of no less than $310,304.00 or in an amount to be determined at trial for emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages and attorney's fees.

36.

**FOURTH CLAIM FOR RELIEF**

(Unlawful Discrimination in Contravention of American Disabilities Act

42 U.S.C §12101 et seq.)

37.

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

38.

Plaintiff is a member of a protected class on the basis of her medical condition, as she is unable to obtain a COVID-19 vaccine due to possible severe allergic reactions, which may threaten her life.

39.

Defendant failed to make a good faith effort to accommodate Plaintiff's medical exception. It would not have been an undue hardship to have allowed Plaintiff to continue working fully remotely as she had been doing for almost two years. Alternatively, Plaintiff could have been allowed to work with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

40.

Instead of finding reasonable accommodation or a set of accommodations for her medical condition, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

41.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged in an amount to be determined at trial, but that exceeds of no less than $65,152.00, future economic damages of $90,000.00 and non-economic damages of no less than $310,304.00 or in an amount to be determined at trial for emotional distress, anguish, and mental distress. Plaintiff also seeks

punitive damages. Plaintiff further seeks attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

1. A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial but exceeding $465,456.00.
2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.
3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.
4. Any other relief as the Court deems just and equitable.

DATED this 2nd day of January, 2024.

        JANZEN LEGAL SERVICES, LLC

        By /s/ Caroline Janzen
        Caroline Janzen, OSB No. 176233
        caroline@ruggedlaw.com
        Attorney for the Plaintiff